

# Fourth Court of Appeals
## San Antonio, Texas

## MEMORANDUM OPINION

No. 04-17-00454-CR

Meredith Owen **BURSON**,
Appellant

v.

The **STATE** of Texas,
Appellee

From the County Court at Law, Kerr County, Texas
Trial Court No. CR16-0187
Honorable Susan Harris, Judge Presiding

Opinion by:　Marialyn Barnard, Justice

Sitting:　　Marialyn Barnard, Justice
　　　　　Patricia O. Alvarez, Justice
　　　　　Irene Rios, Justice

Delivered and Filed:　July 25, 2018

AFFIRMED

The sole issue presented in this appeal is whether the trial court abused its discretion in denying Meredith Owen Burson's motion to suppress. Burson contends the trial court erred because the arresting officer did not have reasonable suspicion to stop the vehicle she was driving. We affirm the trial court's judgment.

### BACKGROUND

Trooper John Moorman was driving a marked patrol car at approximately 1:24 a.m. when he observed a vehicle make a turn from a state highway onto a crossroad at an intersection and

then turn into the parking lot of an event center. The vehicle parked near the front door of the event center which was closed. No other vehicles were in the parking lot. Trooper Moorman continued to observe the vehicle in his rearview and sideview mirrors and did not see the vehicle leave the parking lot. Trooper Moorman turned around on the state highway and returned to the intersection where he made a right turn and then turned into the parking lot. As soon as Trooper Moorman turned into the parking lot, the vehicle began to drive away. Trooper Moorman activated his emergency lights and stopped the vehicle.

Burson, who was driving the vehicle at the time it was stopped by Trooper Moorman, was arrested for driving while intoxicated. After Burson's pretrial motion to suppress was denied, she pled nolo contendere to the offense and was placed on twelve months community supervision. Burson appeals the trial court's order denying her pretrial motion to suppress.

## STANDARD OF REVIEW

"We review a trial court's ruling on a motion to suppress evidence under a bifurcated standard of review." *Lerma v. State*, 543 S.W.3d 184, 189–90 (Tex. Crim. App. 2018). "At a motion to suppress hearing, the trial judge is the sole trier of fact and judge of credibility of witnesses and the weight to be given to their testimony." *Id*. at 190. "Therefore, we afford almost complete deference to the trial court in determining historical facts." *Id*. "However, we review *de novo* whether the facts are sufficient to give rise to reasonable suspicion in a case." *Id*.

## REASONABLE SUSPICION

"Reasonable suspicion to detain a person exists when a police officer has specific, articulable facts that, when combined with rational inferences from those facts, would lead him to reasonably conclude that the person detained is, has been, or soon will be engaged in criminal activity." *Furr v. State*, 499 S.W.3d 872, 878 (Tex. Crim. App. 2016) (internal quotation omitted). The facts "must show unusual activity, some evidence that connects the detainee to the unusual

activity, and some indication that the unusual activity is related to crime." *State v. Kerwick*, 393 S.W.3d 270, 273 (Tex. Crim. App. 2013). "While 'reasonable suspicion' is a less demanding standard than probable cause and requires a showing considerably less than preponderance of the evidence, the Fourth Amendment requires at least a minimal level of objective justification for making the stop." *Furr*, 499 S.W.3d at 878 (internal quotation omitted).

The test for reasonable suspicion is an objective one that disregards the officer's subjective intent. *Furr*, 499 S.W.3d at 878; *Kerwick*, 393 S.W.3d at 274. "A reasonable-suspicion determination requires looking at the totality of the circumstances and reasonable suspicion may exist even if those circumstances standing alone may be just as consistent with innocent activity as with criminal activity." *Kerwick*, 393 S.W.3d at 274. Courts of appeals are not to "engage[] in a divide-and-conquer approach to viewing the evidence, analyzing and excluding individual circumstances as not suspicious instead of considering the cumulative force of all the circumstances." *Furr*, 499 S.W.3d at 880 n.8. Although each of a series of acts may be innocent in isolation, taken together they may warrant further investigation. *U.S. v. Arvizu*, 534 U.S. 266, 274 (2002).

## DISCUSSION

The totality of the circumstances in this case were Trooper Moorman's observations of a vehicle pulling into the parking lot of a closed business at 1:24 a.m., parking near the front door of that business for a few minutes, and immediately attempting to leave the parking lot when Trooper Moorman pulled into the parking lot and approached the vehicle. Thus, the facts "show unusual activity" (pulling into the parking lot of closed business at 1:24 a.m.) to which Burson was connected as the driver and "some indication that the unusual activity is related to crime" (parking near the front door of a closed business and only attempting to leave when Trooper Moorman pulled into the parking lot). *Kerwick*, 393 S.W.3d at 273.

Both Burson and the State cite various cases in their briefs attempting to compare the facts in the instant case to the facts in other opinions in which the courts did or did not find reasonable suspicion. A determination of whether reasonable suspicion exists under the facts in one case seldom provides exacting precedent for such a determination under different facts in another case. *See Tanner v. State*, 228 S.W.3d 852, 857 (Tex. App.—Austin 2007, no pet.) ("Our inquiry into reasonable suspicion is multi-faceted, and determinations made in other cases will seldom be a useful precedent for another.") (internal quotation omitted); *see also Marical v. State*, No. 05-16-00988-CR, 2017 WL 2871431, at *3 (Tex. App.—Dallas June 29, 2017, pet. ref'd) (mem. op., not designated for publication) (distinguishing cases cited in brief noting each case "turned on its own facts and none involved facts exactly like those here"). Of the cases cited in the briefs, the decision most comparable to the facts in this case is *Jones v. State*, No. 01-07-00240-CR, 2008 WL 746527 (Tex. App.—Houston [1st Dist.] Mar. 20, 2008, no pet.) (mem. op., not designated for publication).

In *Jones*, a deputy observed a car with its headlights off in a parking lot of a closed repair shop around midnight. 2008 WL 746527, at *1. The repair shop was near a high-crime area, and two individuals were sitting in the front seat of the car. *Id.* The deputy parked nearby and walked toward the car. *Id.* When the driver saw the deputy approach, he immediately tried to drive away. *Id.* As the driver paused at the edge of the lot before turning into traffic, the deputy caught up to the car, drew his gun, and ordered the driver to step out. *Id.* The appellate court affirmed the trial court's finding of reasonable suspicion, noting "the lateness of the hour, the fact that the business was closed, and the high incidence of crime in the vicinity" and "the driver's attempt to flee." *Id.* at *3.

We acknowledge *Jones* is distinguishable because no evidence was introduced in the instant case regarding a high incidence of crime in the vicinity. Nevertheless, we hold the other

evidence presented was sufficient to establish reasonable suspicion.[1] Although each of the series of acts may be innocent in isolation, when considered together under the totality of the circumstances, we hold they "warranted further investigation." *Arvizu*, 534 U.S. at 274.

## CONCLUSION

The judgment of the trial court is affirmed.

Marialyn Barnard, Justice

DO NOT PUBLISH

---

[1] Because we hold the trial court did not err in denying the motion to suppress because Trooper Moorman had reasonable suspicion to stop Burson's vehicle, we need not address Burson's second issue which is premised on this court "agree[ing] with Appellant's first argument and find[ing] that no objective reason for the stop existed."